THE STATE, EX REL. BINFORD, APPELLEE, *v.* COTNER, CLERK
OF COUNCIL, APPELLANT.

(No. 78-848—Decided April 4, 1979.)

12

*Mr. Milt Schulman*, for appellee.

*Messrs. Climaco, Goldberg, Boukalik & Seminatore,*
*Mr. John R. Climaco* and *Mr. Shimon Kaplan*, for appel-
lant.

HOLMES, J.   The first issue presented is whether an
elector who files an affidavit relating to the removal of a
councilman, and later withdraws the affidavit, is barred
by the Cleveland city charter from refiling a similar af-
fidavit.

The affidavit was filed with the clerk pursuant to Sec-
tion 16 of the Charter of the city of Cleveland which, in
pertinent part, provides:

"The Mayor or any member of the Council may be re-
moved from office by the electors.  The procedure for ef-
fecting such a removal shall be as follows:

"Any elector may make and file with the Clerk of the
Council an affidavit stating the name of the officer whose
removal is sought and the grounds alleged for such removal.
The Clerk shall thereupon deliver to the elector making the
affidavit copies of petition papers for demanding such a
removal, printed copies of which he shall keep on file for
distribution as herein provided. * * *"

Another pertinent section of the Cleveland city chart-
er, Section 17, reads as follows:

"A petition demanding the removal of the Mayor or
a member of the Council shall be known as a recall peti-
tion.  A recall petition to be effective must be returned and

filed with the City Clerk within thirty days after the filing of the affidavit as provided in the next preceding section, and to be sufficient, must bear the signatures of not less than twenty percent of those who voted in the City or ward respectively at the last preceding regular Municipal election. Within ten (10) days from the date of the filing of such petition, the Clerk shall determine the sufficiency thereof and attach thereto a certificate showing the result of his examination. If the Clerk shall certify that the petition is insufficient he shall set forth in the certificate the particulars in which the petition is defective, and shall return a copy of the certificate to the person designated in such petition to receive it. Such recall petition may be amended at any time within twenty (20) days after the return of a copy of the certificate of insufficiency by filing a supplementary petition upon additional petition papers, issued, signed and filed as provided herein for the original petition. The Clerk shall, within ten (10) days after such amendment is filed, make like examination of the amended petition, and if his certificate shall show the same to be still insufficient, he shall return it to the person designated in such petition to receive it, without prejudice, however, to the filing of a new petition for the same purpose."

Appellant, relying upon the aforestated sections of the Cleveland city charter, argues that Section 17 permits the filing of a new recall petition—not a new affidavit. Also, appellant takes the position that Section 17 permits the filing of a new petition only if the elector has been able to file the initial petition and the initial amended petition, and that the initial petition could only have been filed if the elector had obtained signatures equal to 20 percent of the votes cast in the ward in the last preceding regular municipal election.

We cannot agree with the appellant for the reason that Section 17 deals with the sufficiency of the recall petition as executed which is filed *subsequent* to the filing of the affidavit as provided for in Section 16 of the charter, and Section 16 makes no provision that a withdrawal of the original affidavit prohibits an elector from refiling a similar affidavit within the same term of the officeholder. Section

17, to the contrary, evidences the intent of the framers of the charter to afford an affiant-elector an extended opportunity to obtain the required number of signatures necessary to effectuate a bona fide recall. This section provides that even after the elector has failed twice to submit the appropriate petition papers with the required number of signatures, he is not prohibited from filing a new petition for the same purpose.

A reasonable interpretation of these provisions of the charter indicates that it is the expressed policy of this instrument that the affiant may not be prohibited from refiling his affidavit for recall after it has once been withdrawn by him.

Appellant argues further that the charter does not permit the filing of the affidavit and the issuance of the recall petition papers without first establishing that the affiant is an elector of the ward from which the elected official is to be recalled.

This proposition is also without merit. Under Section 16 of the Charter of the city of Cleveland, an elector need not, upon filing an affidavit relating to the recall of a city councilman, produce evidence that he is an elector before being issued a recall petition under that section. The charter provisions only reasonably require the affiant-elector to establish his qualifications upon the filing of the recall petition, at which time the sufficiency of the petition is also to be determined by the clerk.

Here, it readily appears that the duty of the Clerk of the Council of the city of Cleveland is to accept appellee's affidavit and issue the recall petition. Therefore, a clear right for the writ of mandamus having been shown by appellee, the Court of Appeals properly issued such writ.

The judgment of the Court of Appeals is hereby affirmed.

*Judgment affirmed.*

Celebrezze, C. J., Herbert, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.